FINANCIAL INSTITUTION EMPLOYEES OF AMERICA, LOCAL NO. 1182, CHARTERED BY UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 82–7736.

United States Court of Appeals, Ninth Circuit.

Dec. 26, 1984.

As Amended Jan. 2, 1985.

Laurence Gold, Washington, D.C., for petitioner.

Allison W. Brown, Jr., N.L.R.B., Washington, D.C., Mark A. Hutcheson, Davis, Wright, Todd, Riese & Jones, Seattle, Wash., for respondent.

Before WRIGHT, PREGERSON, and FERGUSON, Circuit Judges.

ORDER DENYING PETITION FOR REHEARING AND REJECTION SUGGESTION FOR REHEARING EN BANC *

The panel has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the en banc suggestion and an active judge requested a vote on it. The request having failed to receive a majority of the votes of the active judges, the petition for hearing is denied and the suggestion for rehearing en banc is rejected.

KENNEDY, Circuit Judge, with whom SNEED, J. BLAINE ANDERSON, and CYNTHIA HOLCOMB HALL, Circuit Judges, join, dissenting from denial of rehearing en banc:

I dissent from the court's failure to hear this case en banc and to consider the con-

flict we create with the Fifth Circuit on an important issue of labor law. *See Local Union No. 4-14 v. NLRB,* 721 F.2d 150 (5th Cir.1983).

Quite apart from the labor law question presented, the panel opinion is disturbing for a misapplication of a fundamental legal category, the concept of reason. Since the writings of Cicero, if not before, it has been recognized that the fair application of law to a particular dispute, as well as the underlying theory of justice in a more universal sense, depends on reason. Cicero, *De Legibus* Book II (C.W. Keyes trans. 1977). Reason is a juridical concept essential for the constancy of our decisions, and we undermine it if we use the term "irrational" to express disagreement with a proposition supported by articulated premises within the boundaries of tenable argument.

We must uphold a Board rule unless it lacks rationality or is inconsistent with the statute. *Beth Israel Hospital v. NLRB,* 437 U.S. 483, 501, 98 S.Ct. 2463, 2473, 57 L.Ed.2d 370 (1978); *NLRB v. Nevis Industries, Inc.,* 647 F.2d 905, 909 (9th Cir.1981). It is no accident that rationality is the standard used to scan the authority of the Board to adopt its rules. The deferential standard of review is a recognition of the Board's central function in the legal process. The Board faces difficult choices and may make close, even debatable, decisions regarding the implementation of national labor policy. Its rulemaking power is an ongoing process in which the Board is free to change its position, guided by the experience it has gained in the administration of the Act. *Beth Israel Hospital,* 437 U.S. at 508, 98 S.Ct. at 2477.

Here the Board was required to implement the basic policy of free choice for all employees in the selection of a bargaining representative, as provided by sections 7 and 9(a) of the National Labor Relations Act. 29 U.S.C. §§ 157, 159(a) (1982). The Board saw the question to be not whether the union could change its affiliation, but whether it could change its affiliation *and*

remain the bargaining agent of all the employees in the unit. It concluded that all affected employees, not merely union members, must be permitted a vote on the proposed change. The argument the union makes that this is a matter of internal union concern is respectable, but its rejection was not irrational. Neither the Board in announcing the rule nor the Fifth Circuit in sustaining it acted outside the bounds of reason.

Upon these considerations and those further expressed by Judge Wright in his dissenting opinion, I dissent from the failure of the court to hear the case en banc.

NORRIS, Circuit Judge, with whom POOLE and CYNTHIA HOLCOMB HALL, Circuit Judges, join, dissenting from denial of rehearing en banc:

I also dissent from the court's failure to take this case en banc. I simply cannot accept the panel's judgment that the NLRB rule at issue represents "an unreasonable or unprincipled construction of the statute...." *Ford Motor Co. v. NLRB,* 441 U.S. 488, 497, 99 S.Ct. 1842, 1849, 60 L.Ed.2d 420 (1979). Given the wide latitude we must accord the NLRB's exercise of its rule-making authority, I agree with the Fifth Circuit that the rule falls within the bounds of NLRB discretion. *Local Union No. 4-14 v. N.L.R.B.,* 721 F.2d 150 (5th Cir.1983). In my view, en banc review is justified because the panel decision creates an unnecessary conflict in the circuits.